

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 12, 2020

Leonardo A. Angiulo, Esq.
Angiulo Law, PLLC
200 Highland Street, Suite 1
Worcester, MA 01609

    Re:    United States v. Pasquale Salas
            Criminal No. 19-cr-40033-TSH

Dear Mr. Angiulo:

       The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Pasquale T. Salas ("Defendant"), agree as follows with respect to the above-referenced case:

       1.   Change of Plea

       Defendant shall plead guilty to all counts in which he is named in the above-referenced Indictment: Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a) and (e), and Cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B). Defendant expressly and unequivocally admits that he committed the crimes charged in the Indictment, did so knowingly and intentionally, and is in fact guilty of those offenses.

       Defendant agrees to the accuracy of the statement of facts attached as Attachment A.

       A second minor victim (hereinafter "Victim #2") was identified during the investigation of Defendant. The U.S. Attorney agrees not to charge Defendant with an additional count of Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a) and (e), and Cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B), for his conduct related to Victim #2 based upon Defendant's express agreement that: (1) the statement of facts regarding Victim #2 is accurate and constitutes relevant conduct for the calculation of Defendant's sentencing guidelines in accordance with USSG § 1B1.3 and Paragraph 3 below; and (2) Victim #2 shall be entitled to restitution and to submit a victim impact statement to the same extent she would had Defendant been charged and convicted for Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a) and (e), for Defendant's conduct involving Victim #2.

2. <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties:

Count 1 – Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a) & (e):

Incarceration: Not less than 15 years and not more than 30 years
Supervised Release: Not less than 5 years and up to life
Fine: up to $250,000
Mandatory Restitution pursuant to 18 U.S.C. § 2259
Special Assessment: $100 (18 U.S.C. § 3013)
Additional Special Assessment: $5,000 (18 U.S.C. § 3014)
Forfeiture to the extent charged in the Indictment

Count 2 – Cyberstalking, in violation of 18 U.S.C. § 2261A:

Incarceration: up to 5 years
Supervised Release: up to 3 years
Fine: up to $250,000
Special Assessment: $100 (18 U.S.C. § 3013)
Forfeiture to the extent charged in the Indictment

The defendant is also subject to restitution related to Victim #2 as described in Paragraph 1 above.

Defendant understands and acknowledges that as a consequence of his conviction for the crime to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. § 2250.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 40:

a) Defendant's base offense level is 32 (USSG § 2G2.1(a));

b) Defendant's offense level is increased by 2 because Defendant's conduct involved a victim who had attained the age of 12 but not attained the age of 16 (USSG § 2G2.1(b)(1)(B));



c)  Defendant's offense level is increased by 2 because Defendant used a computer or interactive computer service to persuade, induce, entice, coerce or solicit participation by a minor to engage in sexually explicit conduct (USSG § 2G2.1(b)(6));

d)  Defendant's offense level is increased by 2 because Defendant's offense involved the exploitation of more than one minor (USSG § 2G2.1(d));

e)  Defendant's offense level is increased by 5 because Defendant engaged in a pattern of activity involving prohibited sexual conduct (USSG § 4B1.5(b)); and

f)  Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime. (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

The U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement, including, but not limited to, his agreement to refrain from seeking additional charges, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a)  Fails to admit a complete factual basis for the plea;

(b)  Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

(c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d)  Fails to provide truthful information about Defendant's financial status;

(e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Plea Agreement; or

(j) Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration within the Guidelines sentencing range as calculated by the parties in Paragraph 3;

b) a fine within the Guidelines sentencing range as calculated by the parties in Paragraph 3, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 120 months of supervised release;

d) a mandatory special assessment of $5,200, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution as determined by the Court; and

f) forfeiture as set forth in Paragraph 6.

Defendant reserves the right to argue for an alternate sentence.

5. Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and



that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

  a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

  b) He will not challenge his <u>sentence</u>, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned. The Defendant also reserves his right to seek a new sentence if:

  a) the mandatory minimum sentence applicable to 18 U.S.C. § 2251(a) and (e) is reduced and such reduction is made retroactive by legislation or judicial decision; or

  b) the statutory maximum applicable to 18 U.S.C. § 2251(a) and (e) is reduced to less than the sentence imposed by this Court and such reduction is made retroactive by legislation or judicial decision.

6. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.



The assets to be forfeited specifically include, without limitation, the following:

a. Samsung Galaxy
b. Black ZTE cell phone
c. Toshiba HardDrive Serial 364WBXZFSWK7
d. Xbox1 Minecraft Game
e. Patriot 32GB Memory Card
f. Nokia cell phone
g. Toshiba Hard drive Serial Z3G2T1LFTTT1
h. XBOX1 Serial 320703664448
i. Two Alex and Ani charm bracelets
j. Black PS4, Serial 2101976848
k. Black XBOX Serial 210522233905
l. NZXT Computer Tower Serial 01172756401246

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute a visual depiction as described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, or 2260; or are property used or intended to be used to commit or to promote the commission of such offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including



direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

### 7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

### 8. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement including his agreement to refrain from seeking additional charges.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

### 9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

### 10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*



If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Kristen M. Noto.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: *Greg A. Friedholm*
Greg A. Friedholm
Chief, Worcester Branch Office

*KNo*
Kristen M. Noto
Assistant U.S. Attorney

8.

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Pasquale T. Salas
Defendant

Date: 5-12-20

I certify that Pasquale T. Salas has read this Agreement and that we have discussed what it means. I believe Pasquale T. Salas understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Leonardo A. Angiulo, Esq.
Attorney for Defendant Pasquale T. Salas

Date: 5.12.2020

